# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-18-218-R |
| | ) |
| STEVEN M. ALFORD ORECCHIO, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 45) filed by Defendant Orecchio on June 30, 2021.[1] Defendant acknowledges in his motion that it is untimely pursuant to 28 U.S.C. § 2255(f)(1), because his conviction became final more than one year before he filed this motion. He contends, however, that the Court should equitably toll the statute of limitations in light of the COVID 19 pandemic and its attendant lockdown at USP Tucson, because he lacked access to the law library and to his legal materials. For the reasons set forth herein, Defendant's motion is DISMISSED because it is barred by the statute of limitations set forth in § 2255(6)(1).

Petitioner was sentenced to 480 months imprisonment on June 10, 2019. He did not file an appeal and therefore his conviction became final fourteen days after judgment, on June 25, 2019. *See United States v. Mathisen*, 822 F. App'x 752, 753 (10th Cir. 2020) ("For

---

[1] The motion was received by the Clerk of Court on July 6, 2021, and not entered into the Court's electronic filing system until December 9, 2021 due to clerical error. Defendant represents in the motion that it was placed in the prison mailbox on June 30, 2021, and therefore the Court utilizes this date as the filing date for purposes of considering the timeliness of the motion.

purposes of § 2255, ... [petitioner's] criminal conviction became final when his time for filing a direct appeal expired—fourteen days after" entry of the judgment); *United States v. Hurst*, 322 F.3d 1256, 1261–62 (10th Cir. 2003) (observing that the limitations period under § 2255(f) begins on the day after the judgment becomes final and ends exactly one year later on the same day). Accordingly, the statute of limitations on seeking relief under § 2255(f)(1) expired on June 25, 2020 and absent tolling the motion must be dismissed.

> Defendant's equitable tolling argument is as follows:
>
> Movant respectfully invokes equitable tolling pursuant to 13 months of lockdown due to COVID-19 at USP Tucson where movant did not have access [to] the law library to perform the legal research for this motion. Movant exercised his due diligence by consistently writing to Wackenheim until Wackenheim produced movant's case materials in September 2020 for the first time. In March 2021, USP Tucson resumed modified operations and this motion follows.

Doc. No. 45, p. 12.[2]

Equitable tolling is available only in rare and exceptional circumstances "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Defendant has failed to establish that his case is one of those rare and exceptional circumstances. The Court first notes that from June 2019 until February or March 2020, there was no COVID interference with Defendant's ability to file a § 2255 motion and Petitioner has not set forth any facts to support the finding that during that time period he was diligently pursuing his rights. *See Donald v. Pruitt*, 853 F. App'x

---

[2] Defendant raises three issues, each asserting that counsel at the plea and sentencing was constitutionally ineffective.

230, 234 (10th Cir. April 19, 2021)("Donald hasn't shown that he was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place.'"). Furthermore, Defendant asserts that his facility resumed modified operations in March 2021, yet he did not file the instant motion until three months later, despite having had access to his case materials since September. Absent a showing that he diligently pursued his rights, Defendant is not entitled to equitable tolling.

> Furthermore,
>
> While a COVID-19 lockdown is certainly outside an inmate's control, a lockdown merely impedes access to the relevant law, which the Tenth Circuit Court of Appeals has repeatedly ruled insufficient to warrant equitable tolling. *Winston v. Allbaugh*, 743 F. App'x 257, 258-59 (10th Cir. 2018) (citing *Bickham v. Allbaugh*, 728 F. App'x 869, 871 (10th Cir. 2018), *Jones v. Taylor*, 484 F. App'x 241, 242-43 (10th Cir. 2012), and *Sandoval v. Jones*, 447 F. App'x 1, 4 (10th Cir. 2011)). "Access to the law is merely a 'means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Winston*, 743 F. App'x at 258-59 (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)) (additional internal quotations omitted).

*Strickland v. Crow*, No. CIV-21-64-HE, 2021 WL 3566406, *4 (W.D. Okla. June 8, 2021). Defendant's inability to access the law library does not constitute extraordinary circumstances. Accordingly, Defendant is not entitled to equitable tolling and the motion must be dismissed.[3]

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts requires the court to issue or deny a certificate of appealability when it enters a final order adverse to a Defendant. When, as here, the Court's adverse decision rests on

---

[3] Defendant does not argue actual innocence as a basis for equitable tolling.

3

procedural grounds, the Court will not issue a certificate of appealability unless Defendant shows: "[(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court, upon review, finds that Defendant cannot make the required showing and therefore declines to issue a certificate of appealability.

For the reasons set forth herein, Defendant's § 2255 motion is DISMISSED AS UNTIMELY. Defendant's Motion for Order Directing Briefing Schedule on Motion to Vacate Under 2255 is DENIED AS MOOT.

**IT IS SO ORDERED** this 14th day of December 2021.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE